Robert F. Brennan, Esq. [S.B. #132449]
LAW OFFICES OF ROBERT F. BRENNAN, A P.C.
3150 Montrose Ave.
La Crescenta, Ca. 91214

Phone [818] 249-5291
Fax [818] 249-4329
E-mail rbrennan@brennanlaw.com

Attorney for: Plaintiff Jeff Akahoshi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JEFF AKAHOSHI, an Individual;

    Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC., is a Corporation; and DOES 1-10, Inclusive,

    Defendants.

Case No.: CV12-08190

COMPLAINT FOR DAMAGES:

1. VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT;

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff JEFF AKAHOSHI ("Plaintiff") is an individual and a resident of the County of Los Angeles, State of California.

2. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (EXPERIAN) is a corporation doing business in the State of California, County of Los Angeles, as a credit-reporting agency.

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure. Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after

learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

4. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION

## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

5. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

6. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. Defendant EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. 1681a (f) of the Fair Credit Reporting Act.

7. Since 1996 Plaintiff had been the owner of a condominium located at 604 Solvay Aisle, Irvine, California, 92606. On or about January 2009, Plaintiff became unemployed due to a severe illness. For a period of one year Plaintiff made several attempts to work with Bank of America to modify his loan on the condominium to no avail.

8. On or about March of 2010, Bank of America wrongfully began the foreclosure

process on Plaintiff's condominium. On April 15, 2010, two different Bank of America representatives received "signed purchase agreements" along with requests that the foreclosure be postponed, since the Irvine condo was in escrow. Bank of America failed to stop the wrongful foreclosure.

9. Shortly thereafter, Plaintiff discovered that Bank of America had mistakenly reported him in foreclosure. The Bank of America account should be reporting as Paid/Closed not as a foreclosure.

10. On or about August of 2011, Plaintiff hired a credit repair company to effectively get the wrongful foreclosure removed from his Equifax credit profile. Transunion never reported the wrongful foreclosure. For some unknown reason EXPERIAN refuses to remove the derogatory from Plaintiff's personal credit profile.

11. On or about July 25, 2011, Plaintiff received correspondence from Citibank indicating that they were decreasing the credit limit on his Citi Dividend MasterCard account to $13,940, of which $0 could be used for cash advances. This decision, in whole or in part, was based on information obtained from consumer credit reporting agencies.

12. On or about July 26, 2011, Plaintiff received correspondence from Citibank indicating that they were unable to approve his request to reevaluate their previous decision to decrease his credit line on his Citi Dividend account. This decision was based on information obtained from consumer credit reporting agencies.

13. On or about August 4, 2011, Plaintiff received correspondence from Citibank indicating that they were unable to approve his request to reevaluate their previous decision to decrease his credit line on his Citi Dividend account. This decision was based on information obtained from consumer credit reporting agencies.

14. On or about September 30, 2011, Plaintiff received correspondence from Citibank advising that they were unable to approve his request to reevaluate their previous decision to decrease his credit line on his Citi Dividend account. This decision was based on information obtained from consumer credit reporting agencies.

15. On or about December 23, 2011, Plaintiff received correspondence from Citibank advising that they were unable to approve his request to reevaluate their previous decision to decrease his credit line on his Citi Dividend account. This decision was based on information obtained from consumer credit reporting agencies.

16. On or about December 29, 2011, Plaintiff received correspondence from Citibank advising that they were unable to approve his application for a Citi Dividend MasterCard. This decision was based on information obtained from consumer credit reporting agencies.

17. On or about January 8, 2012, Plaintiff received correspondence from Citibank advising that they were unable to approve his request to reevaluate their previous decision to decrease his credit line on his Citi Dividend account.

18. On or about March 27, 2012, Plaintiff sent a dispute letter to EXPERIAN regarding the wrongful foreclosure appearing on his credit report. Plaintiff has yet to receive a response to this dispute.

19. On or about June 22, 2012, Plaintiff prepared and sent certified return receipt requested a dispute letter to EXPERIAN regarding the Bank of America foreclosure erroneously appearing on his credit report. Plaintiff explained that the Bank of America account should be reporting as Paid/Closed not as a foreclosure. Experian never responded to this dispute.

20. Plaintiff needs a reliable vehicle to get to and from work but because of the ongoing inaccurate credit reporting Plaintiff has been unable to purchase a new vehicle.

21. Despite Plaintiffs efforts to correct the inaccurate and derogatory information on his credit report, EXPERIAN refused to make the necessary corrections to render his report accurate and complete.

22. To date, EXPERIAN has refused and/or neglected to remove the wrongful foreclosure appearing on Plaintiff's credit report.

23. Plaintiff has complied with all requests of the Defendants to provide information in order to have the unauthorized inquiries removed from his credit report, and has provided EXPERIAN with plenty of opportunities to make the necessary corrections. Despite the

insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

24. In the entire course of their actions, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and/or negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and/or negligently furnishing to plaintiff's potential creditors information about the plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and/or negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation or reinvestigation;

d. By willfully and/or negligently failing to conduct an adequate investigation or reinvestigation of plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and/or negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof; and,

f. By willfully and/or negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting.

25. Defendants EXPERIAN and DOES 1-10, Inclusive, have an obligation under 15 U.S.C. Section 1681b, 1681i and 1681s-2 (b) to promptly reinvestigate disputed negative credit information, and to promptly delete such information when the reinvestigation establishes that it should be removed. In this case, Plaintiff provided EXPERIAN and DOES 1-10 with several notices that the Bank of America Foreclosure was erroneously appearing on his credit report and should be deleted. However, EXPERIAN and DOES 1-10, Inclusive, has willfully and/or

6
COMPLAINT FOR DAMAGES

negligently continued to report the derogatory information, and has continued to publish such information to persons who have requested Plaintiff's credit reports. These derogatory references have lowered Plaintiff's credit score and purchasing power.

     26. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, damage to credit reputation and creditworthiness, pain and suffering, statutory penalties, punitive damages, costs and attorney fees.

     WHEREFORE, Plaintiff prays for judgment as follows:

     1. For general and special damages according to proof at trial;

     2. For punitive damages against defendants EXPERIAN and DOES 1-10, Inclusive, according to proof at trial;

     3. For attorney's fees where authorized by statute or law;

     4. For costs of suit;

     5. For civil penalties and such other penalties per each separate violation as authorized by statute;

     6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: September 19, 2012          ROBERT F. BRENNAN, A P.C.

By: _____
Robert F. Brennan
Attorneys for Plaintiff

Robert F. Brennan SBN 132449
LAW OFFICES OF ROBERT F. BRENNAN AP.C.
3150 Montrose Ave.
La Crescenta CA 91214
Tel: 818-249-5291
Fax: 818-249-4329

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF AKAHOSHI, an Individual;<br><br>PLAINTIFF(S)<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC., is a Corporation; and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-08190 JAM<br><br><br>SUMMONS |

TO: DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Robert F. Brennan_____, whose address is __3150 Montrose Ave. La Crescenta CA 91214_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SEP 21 2012

Clerk, U.S. District Court

Dated: _____

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)          SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>JEFF AKAHOSHI, an Individual; | DEFENDANTS<br>EXPERIAN INFORMATION SOLUTIONS, INC., is a Corporation;<br>and DOES 1-10, Inclusive, |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles, California |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Robert F. Brennan, Esq. SBN 132449<br>LAW OFFICES OF ROBERT F. BRENNAN AP.C.<br>3150 Montrose Ave.<br>La Crescenta, CA 91214  Telephone 818-249-5291 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:  CV12-08190

CV-71 (07/05)  CIVIL COVER SHEET  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
EXPERIAN - Ohio

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date Sept. 20, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |